

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | | |
|---|---|---|
| TANGINIKA C.L. GORHAM | * | |
| Plaintiff, | * | |
| | * | Case No. 8:15-cv-03129-GJH |
| vs. | * | |
| | * | |
| REGENCY MANAGEMENT | * | |
| SERVICES, LLC, *et. al.* | * | |
| Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

**1. Parties.** This Settlement and Release Agreement ("Agreement") is made between Tanginika Gorham ("Plaintiff") and Regency Management Services, LLC, Regency Furniture, Inc., Mid-Atlantic Warehouse Services, Inc., and Abdul Ayyad, and their respective officers, directors, stockholders, successors and affiliates (collectively, "Regency").

**2. Payment.** In settlement of all claims in the case, Regency will pay the total settlement amount of $15,000.00, delivered to Plaintiff's counsel by May 20, 2016 and allocated as follows:

**a.** $12,000.00 will be paid to Plaintiff in settlement of her Fair Labor Standards Act and Maryland Wage and Hour Law and Maryland Wage Payment and Collection Law claims for unpaid minimum wages and overtime. One-half the amount will be treated as wages and reported on a W-2 form, and the other half will be treated as liquidated damages and reported on a 1099 form. This check will be payable to "Tanginika Gorham."

**b.** $3,000.00 will be paid to Plaintiff's counsel in settlement of claims for attorneys' fees and costs, made payable to "Legal Aid Bureau, Inc.", and will be reported on a 1099 form issued to Plaintiff's counsel. Legal Aid Bureau, Inc. has acknowledged that it will accept this sum in full payment of all of its fees, costs and expenses related to this case.

**3. Release.** This Agreement resolves claims relating to wage claims arising out of the Fair Labor Standards Act, Maryland Wage and Hour Law, and Maryland Wage Payment and Collection Law. In exchange for the settlement payment, Plaintiff releases Defendants from all

claims arising prior to May 1, 2016 for unpaid wages under federal, state, or local law, including wages, liquidated damages, additional damages, attorneys' fees and costs, and all other claims, actions and demands except as provided in Paragraph 4 below.

    **4. No Waiver of Discrimination Claims or Claims Arising After Execution of Agreement.** Notwithstanding the release in Paragraph 3, Plaintiff does not waive any rights or claims that may arise after execution of this Agreement, claims that may arises as a result of this Agreement, or claims that may not be waived as a matter of law. Plaintiff also does not waive any rights to file a charge with any administrative agency (such as the EEOC) or to receive any individualized relief, brought by an administrative agency or third party on her behalf.

    **5. Court Approval.** It is understood that this Agreement requires court approval and is not effective until approved by the Court. Upon approval, and after all funds described in Paragraph 2 have been received and distributed by Plaintiff's counsel, the parties will file a stipulation for dismissal with prejudice, with costs and attorneys' fees to be paid in accordance with this Agreement.

    **6. No Admission.** This Agreement is made for the purpose of resolving disputed claims and does not constitute an admission of liability.

    **7. Remedies.** In the event that any of the checks described in Paragraph 2 do not clear, are returned due to insufficient funds, or become stale, Defendants agree that they will reissue the affected check within 5 days of receiving written notice from Plaintiff's counsel to Defendants' counsel.

    **8. Attorney Review.** The parties have consulted with their attorneys, have read and understood the Agreement, and sign the Agreement on their own free will.

    **9. Counterparts.** This Agreement may be signed in one or more counterparts, and each counterpart will be considered an original Agreement. All of the counterparts will be considered one document and become a binding agreement when one or more counterparts have been signed by each of the parties and delivered to the others.

    **10. Entire Agreement.** This Agreement and its attachments contain the entire understanding between the parties.

[Signatures on Following Page]


_____  5-13-16
Tanginika C.L. Gorham            (date)
*Plaintiff*


_____  5-13-16
Sabrina B. Wear                  (date)
Legal Aid Bureau, Inc.
8401 Corporate Drive, Suite 200
Landover, MD 20785-2267
(P) 301-560-2145
(F) 301-429-8743
swear@mdlab.org
*Counsel for Plaintiff*

_____  _____
Jonathan A. Azrael, Esq.         (date)
Azrael, Franz, Schwab, & Lipowitz, LLC
101 E. Chesapeake Ave, Suite 500
Towson, MD 21286-5325
jazrael@azraelfranz.com
*Counsel for Defendants*


Settlement Agreement and Release of Claims
Page 4 of 4

*Gorham v. Regency, et. al.*
8:15-cv-03129-GJH
