IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP -8  P 3: 1

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | |
|---|---|
| **TANGINKA C.L. GORHAM** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-15-3129 |
| **REGENCY MANAGEMENT SERVICES, LLC, et al.** | * |
| Defendants. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Tanginka C.L. Gorham filed this action against her former employer, Defendants Regency Management Services, LLC, Regency Furniture, Inc., and Mid-Atlantic Warehouse Services, Inc. (collectively, "Regency" or "Defendants"), seeking damages and other relief for Defendants' alleged failure to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 2. The parties now jointly move for approval of a settlement agreement. ECF Nos. 21 and 25. A hearing is not necessary. *See* Loc. R. 105.6.

The Court has reviewed the Amended Complaint, ECF No. 3, Defendants' Answer, ECF No. 8, the Joint Motion for Approval of Settlement Agreement, ECF No. 21, the Supplemental Motion, ECF No. 25, and the Settlement Agreement and Release, ECF Nos. 21-1. For the reasons explained below, the Court finds that *bona fide* disputes exist regarding liability under the FLSA, the settlement agreement is a fair and reasonable compromise of the disputes,

and the attorney's fees are reasonable. *See Leigh v. Bottling Group, LLC*, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

### I. BACKGROUND

According to the Amended Complaint, Defendants are corporate entities that operate a for-profit furniture business. ECF No. 3 ¶ 9. Plaintiff was employed by Defendants from approximately May 12, 2005 until January 13, 2015, during which time she worked at Defendants' Brandywine warehouse location. *Id.* ¶ 7. Beginning in October 2012, Defendants instructed Plaintiff to work a schedule of 50 hours or more per week and prior to this time she also generally worked more than 40 hours per week. *Id.* ¶¶ 22-23. Despite working in excess of 40 hours per work week, Defendants failed to pay Plaintiff any overtime premium for her overtime work. *Id* ¶ 25. When Plaintiff asked Defendants why she was not paid overtime, she was told that "she was exempt and/or that Defendants had a policy or practice of not paying overtime." *Id.* ¶ 26-27.

Defendants removed this case, which was initially filed in the District Court of Maryland for Prince George's County, Maryland, to this Court on October 15, 2015 and filed Answers to the Amended Complaint on October 22, 2015. ECF Nos. 8 and 11. The parties conducted limited discovery. On May 18, 2016, the parties filed a Joint Motion for Settlement Approval of Settlement Agreement, ECF No. 21, which was later supplemented at the Court's request, ECF No. 25.

2

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 2014 WL 2174751 at *2 (D. Md. May 23, 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408. "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernoff, Inc.*, 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, while Plaintiff's claims are outlined above, Defendants contend that Plaintiff met the requirements for an administrative or executive exemption from overtime while carrying the title of supervisor. ECF No. 25 at 3. Plaintiff disputes this characterization and contends that she was entitled to unpaid overtime. *Id.* Defendant also contends that the statute of limitations would bar some of Plaintiff's claims. *Id.* at 4. The Court finds that these issues demonstrate that there was a *bona fide* dispute over FLSA liability.

### C. Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the parties have informally exchanged some documents related to this litigation. ECF No. 25 at 2. Plaintiff maintained and provided a collection of pay records and timekeeping logs spanning almost the entire tenure of her employment. *Id.* at 5. Given the current stage of the litigation, significant expenses would be

incurred if the parties engaged in formal discovery, dispositive motions, and possibly trial. *See, e.g., Saman v. LBDP*, 2013 WL 2949047 at *3 (D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or collusion in the settlement. The settlement agreement requires Defendants to pay $12,000 to Plaintiff for a global release. *See* ECF No. 25 at 6. Plaintiff's original demand was for $35,471.76; however, that figure could have been reduced to $17,016.96 if the Court accepted Defendants' theory regarding the statute of limitations and further reduced to $3,220.00 based on Defendants' theory that Plaintiff was an exempt employee for much of the relevant time period. *Id.* at 6-7. As was the case in *Saman*, "[i]n light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." 2013 WL 2949047 at *5 (citation, internal quotation marks and brackets omitted).

Although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *See Duprey*, 2014 WL 2174751 at *4. As explained above, the Court finds that $12,000 is reasonable for the release executed. *Cf. id.* ("This percentage fairly compensates Duprey for the general release executed.").

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th

Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Plaintiff is represented by Isaac Conver of the Legal Aid Bureau, which has agreed to accept $3,000 in payment of all of its fees, costs and expenses related to this case. Conver has been licensed to practice law for six years. ECF No. 25 at 12. The presumptively reasonable rate for a lawyer who has been admitted to the bar for six years is $165-300 per hour. *See* Loc. R. App. B. Conver bills his time at a rate of $200 per hour; however, in this case, he spent 112.84 hours of time on this case and is only seeking $3,000. ECF No. 12. This amounts to approximately $26.58 per hour, which represents an agreement to a significant discount. Counsel has submitted a detailed accounting of the time he spent on the case and the Court finds it reasonable in light of the relative complexity of this case. In light of the facts of this case and the disputes explained above, the Court finds the attorney's fees to be fair and reasonable under the lodestar approach.

### III. CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement Agreement, ECF No. 21, is GRANTED.

A separate Order shall issue.

Dated: September 9, 2016

GEORGE J. HAZEL
United States District Judge